Frederick W. Loomis, J.
The defendant appeals from his conviction on a charge of driving while intoxicated in a Court of Special Sessions of the Town of Richfield on March 13, 1958.
The defendant, among other things, alleges that he was not properly advised of his rights at the time when he was first brought before the Magistrate.
The return of the Justice reads as follows: “ The defendant was arrested prior to the filing of the information and brought before me, at which time the information was filed charging Driving While Intoxicated in violation of Article 5 Section 70 Paragraph 5 of the Vehicle and Traffic Law. Defendant was deemed by me as being under the influence of intoxicants and not in full possession of his faculties, therefore was committed to Otsego County J ail pending his sobriety. On March 13,1958, *712 the day following such commitment, defendant was brought before me, the information read to him, and he was informed of his rights to trial before me or by jury, also relative removal to Grand Jury, also that a plea of guilty was equivalent to a conviction after trial as set forth in Section 335A of the Code of Criminal Procedure. Defendant was advised of the exact nature of the crime committed, also that upon conviction, his driving privilege must be revoked pursuant to statute. Defendant was also asked if he wished counsel at any stage of proceedings, which he refused.”
Section 699 of the Code of Criminal Procedure reads in part as follows: ‘ ‘ when the defendant is brought before the magistrate the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had. ’ ’
From the return as above quoted, it appears that the Justice felt that the usual instructions would be useless because of the intoxication of the defendant and it does not appear that the defendant was informed of the charge against him and his right to the aid of counsel until the following day, after he had been committed to the Otsego County Jail overnight. Although it might seem that a justice should not accept a plea from a defendant who is intoxicated, and that instructions regarding such a plea and the effect thereof would be futile, nevertheless, the statute is quite explicit that when the defendant is brought before the Magistrate, he must “ immediately ” inform him of the charge and of his right to counsel. In the opinion of the court these rights are substantial and may not be legally omitted, regardless of the Magistrate’s opinion of the defendant’s condition or ability to comprehend the instructions. (See Dailey v. State of New York, 75 N. Y. S. 2d 40.)
The judgment of conviction should be reversed, the fine remitted, and the information dismissed.
Submit order.